UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SEAN ALAN WELENC,

    Plaintiff,

        v.

MASSACHUSETTS SUPREME DISTRICT
COURT, et al.,

    Defendants.

Civil Action No. 24-30130-MGM

MEMORANDUM AND ORDER MOTIONS TO DISMISS,
MOTION FOR DEFAULT JUDGMENT AND MOTIONS TO DISMISS STATE CASES
(DKt. Nos. 20, 22, 31, 33, & 34)
May 22, 2025

MASTROIANNI, U.S.D.J.

    In his complaint, *pro se* plaintiff Sean Alan Welenc ("Welenc") appears to challenge his arrest, detention, and criminal proceedings which are ongoing in the Orange District Court of the Commonwealth of Massachusetts.[1] For the reasons stated below, the Court will DISMISS this action on jurisdictional grounds.

    As an initial matter, this court abstains from exercising jurisdiction over this action to the extent that it would interfere with an on-going matter in the courts of the Commonwealth of Massachusetts. "*Younger* abstention doctrine . . . requires a district court to stay or dismiss the federal

---

[1] Recognizing the difficulties pro se plaintiffs face, the courts construe pro se complaints liberally. *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 75 (1st Cir. 2014). "However, pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed*, 118 F.3d at 890. Even construed liberally, Plaintiff's Complaint does not comply with the requirement that a "claim for relief" contain "a short and plain statement" of the grounds for the court's jurisdiction and "showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Were the court not granting Defendants' motions to dismiss on other grounds, the court would dismiss the complaint without prejudice for failure to clearly set forth the underlying facts and Plaintiff's claims in a manner that will enable each defendant to respond to the complaint and admit or deny the allegations.

1

action in favor of the continued prosecution of the state-court litigation." *Coggeshall v. Massachusetts Bd. of Registration of Psychologists*, 604 F.3d 658, 664 (1st Cir. 2010) (referencing *Younger v. Harris*, 401 U.S. 37, 41 (1971)). Said differently, "[u]nder *Younger* principles, a federal court must abstain from hearing a case if doing so would needlessly inject the federal court into ongoing state proceedings." *Id.* (citation and quotation omitted). "Federal courts have routinely held that the *Younger* doctrine bars them from enjoining state-court eviction proceedings." *Seidel v. Wells Fargo Bank*, N.A., Civ. Action No. 12-10766-RWZ, 2012 WL 2571200, at *2 (D. Mass. July 3, 2012).

Second, even if the court did not abstain as set forth above, to the extent Plaintiff is seeking to proceed against Judge MacLeod for claims arising out of her judicial rulings, any such claims for monetary damages are barred by the doctrine of absolute judicial immunity. *See Zenon v. Guzman*, 924 F.3d 611, 616 (1st Cir. 2019). "The breadth of the protection is fulsome, shielding judges even when their actions are malicious, corrupt, mistaken, or taken in bad faith; its purpose not to buffer bad judges but 'for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" *Id.* (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Accordingly, "when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." *Id.* Nothing in the Complaint suggests Judge McLeod has acted outside "traditional adjudicatory functions." *Id.*

Injunctive relief against Judge MacLeod is also unavailable. "Section 1983 explicitly provides that, 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" *Alexandre v. Prince*, Civ. Action No. 22-11340-ADB, 2022 WL 3597409 (D. Mass. Aug. 23, 2022).

Third, Plaintiff cannot proceed with claims against Sheriff Donelan based on his continued detention because he was released on bail on December 2, 2024.

Finally, any claims brought pursuant to 42 U.S.C. § 1983 against the Commonwealth of Massachusetts, or state employees acting in their official capacity, are barred by Eleventh Amendment sovereign immunity. Under the Eleventh Amendment to the Constitution, "[s]tates and their agencies are entitled to sovereign immunity 'regardless of the relief sought.'" *Poirier v. Massachusetts Dept. of Correction*, 558 F.3d 92, 97 (1st Cir. 2009) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985)); *see also Rosaura Bldg. Corp. v. Municipality of Mayaguez*, 778 F.3d 55, 62 (1st Cir. 2015) (official capacity claims are treated as claims against the individual's government employee).

For the foregoing reasons, the court hereby ALLOWS Defendants Motions to Dismiss (Dkt. Nos. 20, 22) and finds moot Plaintiff's Motion for Default Judgment (Dkt. No. 31) and Motions to Dismiss State Cases (Dkt. Nos. 33 & 34). This case may now be closed.

It is So Ordered.

  /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge